Denio, J.
 

 The court below was clearly right in the judgment it came to in this case. Incorporated religious societies are aggregate corporations, and whatever property they acquire, whether it be real or personal, is vested in interest in the body corporate; and while the officers have it under their control or
 
 *88
 
 dominion, whatever possession they have is the possession of the artificial person whose agents they are. Although called
 
 trustees,
 
 they do not hold the property in trust for the corporation or the religious society. The name is simply the title of their office; and their position respecting the corporate property would be the same if they were denominated directors, or managers. Their right to intermeddle is an authority, and not an estate or title. They have no other possession than the directors of a bank have of the banking house. This would be so upon general principles relating to the legal nature of corporations, apart from the particular language of the act concerning religious corporations. By the 4th section of that act, however, the trustees are in terms authorized
 
 by their corporate name and title,
 
 “to hold and enjoy,” among other things, all churches and meeting houses, and all estates, belonging to the society, as well as to sue and be sued. (3
 
 R. S.
 
 208, § 4,
 
 2d
 
 ed.)
 

 It is the person who has the legal right to the possession who is to institute the proceedings in the case of a forcible entry and detainer. If such person has an estate of freehold or for a term of .years, that is to be stated in the complaint: if any other right of possession, that is to be stated. (2
 
 R. S.
 
 508, § 3.) If the complainants prevail upon the trial of the traverse, a precept is to issue to the sheriff commanding him to cause them to be restored and put into full possession of the premises, according as they were seised or possessed thereof before such entry.
 
 (Id.
 
 § 13.) These provisions are clearly inapplicable to the servants or agents of the owner of real estate, and to the officers and agents of a corporation where it is the proprietor. Although the proceeding is not a regular action, but partakes rather of the nature of criminal proceedings, it is still to be prosecuted by and in the name of the party whose legal right of possession has been invaded, and not by the individuals who may have been charged with authorities or duties respecting it. The judgment must be affirmed.
 

 Allen, J. also delivered an opinion for affirmance.
 

 Judgment affirmed.