# SUPREME COURT.

JAY GOULD and FREDERICK A. LANE, agt. JAMES THOMPSON, HENRY T. MORGAN, THE ERIE RAILWAY COMPANY, and others.

Two of the directors of the Erie Railway Company cannot sustain an action against the defendants, part of whom are directors of said company, (the company also a defendant) and a part are preferred stockholders, to restrain them from the further prosecution of actions against said company; to secure an accounting for the net earnings for 1868. and for payment of a dividend out of such earnings on the preferred stock of the company—Because,

1st, The plaintiffs are not the real parties in interest—The company alone could maintain such an action, if maintainable.

2d, The defendants have no common interest in the subject matter of the suit or the relief demanded.

3d, The plaintiffs, without bringing a cross suit, could have all the matters they seek to have determined in this action, determined in the action by the stockholders.

*Tompkins Special Term, December* 14, 1868.

MOTION to set aside injunction restraining defendant Thompson, and others, preferred stockholders of the Erie Railway Company, from the further prosecution of actions against said company, to secure an accounting for the net earnings for 1868, and for payment of a dividend out of such net earnings on the preferred stock of said company.

FRANK THOMPSON, *for the motion.*
HIRAM GRAY, *opposed.*

BOARDMAN, J.—The motion to set aside this injunction must be granted for the following reasons:

*First,* The plaintiffs, who are two of the directors of the Erie Railway Company, are not the real parties in interest,

(*Code*, § 111).   In fact they have no interest in the subject matter of the action within the meaning of § 117 of Code, nor are they trustees under § 113.   If all the directors had been joined as plaintiffs instead of two, it would not have improved the plaintiffs condition.   The company alone could maintain such an action if maintainable.   (*N. Y. & N. H., R. R. Co.*, agt. *Schuyler*, 17 *N. Y.*, 592.)   The directors are not necessary or proper parties; whatever judgment or decree binds the company binds the directors who are only the agents, the hands of the company.

The plaintiffs in this action can obtain no decree settling the rights of the defendants between themselves.   Defendants have no claims against the plaintiffs upon which affirmative relief could be supported.   Nor have the plaintiffs, either personally or as trustees or directors, any equitable claim against any or all of the defendants.   (1 *Abb.* 381; 1 *E. D., Smith*, 349; *Story Eq. Pl.*, §§ 231, 232, 235; 6 *John. Ch.*, 46 ; 11 *N. Y.*, 94.)

*Second*, The defendants have no common interest in the subject matter of the suit or the relief demanded.   Part of the defendants are directors of the Erie Railway Company, (which is also a defendant,) and part preferred stockholders. They may have no joint or common interest or liability, but upon the contrary their interests are diverse and opposing. (*Story's Eq. Pl.*, §§ 533 &c.; *Code*, §§ 118, 119 ; 7 *Abb. Pr. R.*, 41, 67; 8 *Id.*, 239.)

*Third*, The relief sought in this action is the instruction of the court to the plaintiffs, as to their duty in the premises. That instruction would have followed as a necessary consequence from the action by the preferred stockholders, so far as respects all the parties to this action.   It could have bound no others, nor can this action, because other persons who may be interested in the profits of the company are not made parties.   In this respect therefore, the plaintiffs were not justified in bringing a cross suit, because all that can be determined in this action could have been as well or

better determined in the action by the stockholders. (5 *Abb.*, 55; *S. C.*, 14 *How.*, 178; 5 *Sand.*, 612; 1 *Barb., Ch. Pr.*, 53.)

Ordinarily it is improper to restrain by injunction in one suit, proceedings in the same court in another action where the same relief may be granted. (2 *Abb. N. S.*, 58; 26 *How.*, 448; 16 *Id.*, 244, 23 *Id.*, 174; *Clarke, Ch. R.*, 309; 1 *Whit. Pr.*, 461, § 99, 3*d Ed.*)

*Fourth*, The only aspect in which this action can be sustained, is to prevent a multiplicity of suits. It has already been shown that such an action should have been brought by the Erie Railway Company, as plaintiffs—that two of its directors have no such interest in the question as would make them proper parties plaintiff if parties at all—that the parties defendant have no common interest in the relief demanded and the matters in controversy—that their rights, interests and duties are diverse and opposite, and cannot be adjusted between themselves in this action.

It follows therefore, that this action cannot be sustained and the injunction should not stand.

Upon the propriety of granting injunctions to prevent a multiplicity of suits. (*See* 10 *Abb.*, 284, *and cases cited*, 8 *Id.*, 239; 14 *N. Y.*, 534, 541.)

*Fifth*, It may well be doubted whether an injunction ought to be granted in this action, to restrain proceedings in another action in the same court, between the same parties, when equal and greater relief could have been had in such other action by motion, answer or decree. The authorities are adverse to such use of the power of the court. (*Voorhie's Code*, 8*th Ed.*, 402, (*d.*); 1 *Till. and Shear. Pr.*, 677; 1 *Whit. Pr.*, 461, § 99.)

It is apparent that relief to the same extent and of the same efficacy cannot be had in this cause, even if maintainable. If this action cannot be maintained, it is of no consequence which action was first commenced. The preferred stockholders have the right to test the question, whether

the Erie Railway Company have earned a dividend upon the preferred stock, and if so to enforce the duty of said company, to declare and pay such dividend.

There is too much doubt about the plaintiffs cause of action, the plaintiffs interest and the right to an injunction under the circumstances, to permit this order to stand.

The motion of defendant Thompson, to set aside the injunction heretofore granted in this action against him, is granted with $10 costs of this motion to defendant Thompson, against the plaintiffs.