THE PROTESTANT REFORMED DUTCH CHURCH OF ROSENDALE, APPELLANT, v. WILLIAM H. BOGARDUS, RESPONDENT.

*Right of way — construction of deeds — Religious corporation — conveyance by.*

The plaintiff applied to one A. to purchase a piece of his land, adjoining the land of plaintiff on the *east* and north; A. refused to sell unless a right of way was given to him from the remaining portion of his lot (which, by such sale, would be cut off from the highway) to the highway adjoining the plaintiff's land on the south. Subsequently, in pursuance of a resolution adopted at a meeting of the members of the plaintiff, A. executed and delivered to certain persons, described as " the present consistory of the Reformed Dutch church, in the village of Rosendale, and their successors in office," a deed of the premises, and received from them a deed, conveying " a free road and outway to and from the public highway or street, over and across the said Reformed Dutch church lot, on the *west* side of said church * * * to his lot on the rear of said church lot." No authority for the plaintiff to make the sale was ever obtained from any court. *Held* (1), that the two deeds were to be construed together; that they showed the *intention of the parties to be, that a right of way should be reserved;* (2), that as to the land conveyed by A., a right of way over it would be regarded as reserved, even if the plaintiff had no legal authority to convey the title; (3), that, if the conveyance of a right of way over the land owned by the plaintiff was invalid and unauthorized, such location could only be disturbed upon giving to A. another right of way over the land conveyed by him to the plaintiff.

APPEAL by plaintiff from a judgment entered on the report of a referee. The action was brought to restrain defendant from crossing over or using plaintiff's land as a passage-way for teams, etc., and to have the title in fee to said lands declared to be in plaintiff. The answer insists upon a right of way, belonging to defendant, over the lands of the plaintiff, and the right of user.

The referee found that the defendant had such right of way over the plaintiff's land from a certain lot of land belonging to defend-

ant in the rear of plaintiff's premises, and, as to that, denied the relief demanded by plaintiff.

The right of way over plaintiff's land to other lands of the defendant is denied by the finding of the referee, and the use of such right of way for such other lands, is, by the judgment, forbidden and enjoined.

The plaintiff appeals from so much of such judgment as gives to defendant any right of way or use of any of plaintiff's land for any purpose.

*A. Schoonmaker, Jr.*, for the appellant. The consistory deed to Auchmoody does not pass the title of the corporation. It is simply the individual deed of the three consistory members, and as they had no title they conveyed none. (*Hatch* v. *Parr*, 1 Hamm. (Ohio), 390; *Brinley* v. *Mann*, 2 Cush., 337; *Taft* v. *Brewster*, 9 Johns., 334; *Stone* v. *Wood*, 7 Cow., 453; *Spencer* v. *Field*, 10 Wend., 87; *Roberts* v. *Button*, 14 Vt., 195.) The consistory deed for the road purports to convey a freehold interest. (*Pope* v. *O'Hara*, 48 N. Y., 446, 452; *Alleman* v. *Dey*, 49 Barb., 641–645; 2 Wait's Law and Prac., 29–36; *Little* v. *Denn*, 34 N. Y., 452.) The consistory deed for the road is absolutely void, for the reason that it grants the real estate of a religious corporation without an order of the court, as required by statute. (*Mad. Av. Bap. Ch.* v. *Bap. Ch. in Ol. Street*, 46 N. Y., 131; *Wheaton* v. *Gates*, 18 id., 395; *Christie* v. *Gage*, 2 N. Y. S. C., 344.) The deed by the consistory being void, it is not an estoppel against the corporation. (*Crippen* v. *Morss*, 49 N. Y., 63.) Where a deed is void it does not work an estoppel. (3 Wash. on Real Prop., 100; *Todd* v. *Todd*, 10 S. C., 298.) Nor does the doctrine of estoppel apply in the case of a person who has not the power to convey, such as an infant or *feme covert*. (*Brown* v. *McCune*, 5 Sandf., 224; 3 Wash. on Real Prop., 69, 75, 107; *Loomis* v. *Ruck*, 56 N. Y., 462.) A religious society is under the like disability of a want of power to convey without the aid of a court. (Big. on Estop., 283; *Doe d. Chandler* v. *Ford*, 3 Ad. & E., 649; 3 Wash. on Real Prop., 74, 75, § 9 *a;* *Garlinghouse* v. *Whitwell*, 51 Barb., 208; *McMaster* v. *Prest., etc., Ins. Co.*, 55 N. Y., 222; *Jackson* v. *Brinckerhoff*, 3 Johns. Cas., 101; *Pierpont* v. *Barnard*, 5 Barb., 364.) The proper construction to be given to the consistory

deed for the right of way is, that it was a license by the officers of the church, and good as a license to protect the licensee in the use of the way so long as the church might recognize it, but revocable at the will of the corporation. (1 Wash. on Real Prop., 544, 545.)

*S. L. Stebbins*, for the respondent. Under the evidence the plaintiff's remedy was at law. An action of trespass would have determined the question of right, and there is nothing to show that a single action of trespass would not have been sufficient. (*Gentil* v. *Arnand*, 38 How. Pr., 94, 95; affirmed in 1 Swee., 641; *Sixth Av. R. R. Co.* v. *Kerr*, 45 Barb., 138, 142; *Sixth Av. R. R. Co.* v. *Kerr*, 28 How. Pr., 382; *Swett* v. *City of Troy*, 12 Abb. [N. S.], 100, 105.) The deeds must be regarded as different parts of the same instrument or agreement. (2 Pars. on Cont. [5th ed.], 503; *Jackson* v. *Dunsbagh*, 1 Johns. Cas. [2d ed.], 92, 98, note *a* ; *Hills* v. *Miller*, 3 Paige, 254, 256; *Stow* v. *Tifft*, 15 Johns., 458, 463; *Wilson* v. *Troup*, 2 Cow., 218; *Jackson* v. *McKenny*, 3 Wend., 233; *Hanford* v. *Rogers*, 11 Barb., 18; *Hull* v. *Adams*, 1 Hill, 601; *Hitchcock* v. *The N. W. Ins. Co.*, 26 N. Y., 70, 71.) The attitude of the plaintiff is not permitted either by law or equity or good morals. (*Wilson* v. *Troup*, 2 Cow., 217, 218; *Lovett* v. *The German Reformed Church*, 12 Barb., 67, 81; *Hartshorn* v. *Brace*, 25 Barb., 126, 129; 1 Story's Eq. Jur. [6th ed.], 77, § 64, *e* ; 333, § 301; Will. Eq., 46; Big. on Estop., 582–585.) The deacons and elders composing the consistory at the time of giving the deed, were the statutory trustees of the church, and their certificate of incorporation having been acknowledged and recorded, "such trustees and their successors" were a body corporate by the name or title expressed in the certificate. (Laws of 1813, chap. 60, § 2; 3 Edm. Stat. at Large, 689.) The deed does not purport to be from private individuals, with a mere *descriptio personarum* added, but from the consistory (trustees) and their successors.

BOARDMAN, J. :

The facts out of which this controversy arises are briefly as follows : In 1851 plaintiff was the owner of a church and lot situate on a highway running east and west on the south of the lot. One Auchmoody, a grantor of defendant, owned the adjoining lands, to the east and north of plaintiff's lot, extending north to a canal. In

the same year the plaintiff decided to purchase all of Auchmoody's land to the east of the church lot, and a part of that to the north in the form of an L on two sides of the church lot, leaving Auchmoody the owner of a lot upon the canal in the rear of the church lot. Auchmoody, however, refused to sell unless a right of way was reserved to him, or given to him, from the highway to his lot on the canal over the land to be conveyed by him, or over the church lot. A meeting of the congregation was held, pursuant to a public notice read from the pulpit of the church, to determine as to such purchase, which was adjourned for a few days, and at such adjourned meeting it was determined to purchase such lands; and Auchmoody, having before that refused to sell without a right of way to the remainder of his lot, cut off from the highway by such sale, the meeting determined to grant to him a right of way to and from his said lot over the west end of the land owned before, and then bought of Auchmoody south to the highway. This arrangement was made in lieu of a right of way reserved on the east end of the premises to be conveyed, being more desirable to plaintiff, and equally satisfactory to Auchmoody.

On or about the 31st day of December, 1851, two deeds were executed, in pursuance of the resolutions of such meeting, one by Auchmoody and wife to Aurt Wood, John I. Van Wagonen and Hardenburg Delamater, described therein as " the present consistory of the Reformed Dutch church in the village of Rosendale and their successors in office," conveying the L-shaped lot, the other deed from the grantees above named and described to Auchmoody conveying " a free road and outway to and from the public highway or street, over and across the said Reformed Dutch Church lot on the west side of said church * * * to his lot on the rear of said church lot." The second deed was a part of the consideration for the first deed, and without it the plaintiff could not have obtained title from Auchmoody to any lands.

The grantees in the first, and grantors in the second deed, were at the time members of the consistory of the church. One other member refused to sign the deeds. No authority of any court to make the sale was ever obtained. From that time Auchmoody and his grantees have used such right of way.

Under such a state of facts, can the plaintiff object to the defend-

ant's use of such right of way as provided for in the deed, and call in the aid of a court of equity to enjoin such use ?

It may be assumed that Auchmoody's deed vested the title in the corporation. (*Christie* v. *Gage*, 2 N. Y. S. C., 344; *People* v. *Fulton*, 11 N. Y., 94.) The church thereby became the owner in fee of the real estate conveyed to it by Auchmoody, unless such title is to be limited and controlled by other instruments, contracts and understandings, made at the same time and about the same subject-matter. That the deeds and contracts between the parties should be read together to ascertain the sense and intent of the parties, is, I think, reasonable and sustained by the authorities. (2 Pars. on Cont. [5th ed.], 503; *Jackson* v. *McKenny*, 3 Wend., 233; *Hull* v. *Adams*, 1 Hill, 601; reversed on another point in 2 Den., 306; Broom Legal Maxims, 249.)

So read, it is quite evident that Auchmoody did not intend to cut off his right of way to the street from his back lot by his conveyance. It is equally plain, the plaintiff intended to give him such right of way notwithstanding his deed absolute upon its face. The congregation, when voting upon the subject, had indicated the same purpose, and had done all in its power to recognize such right and authorize its conveyance. The deeds, executed and acknowledged at the same time, before the same witness and justice of the peace, and presumptively delivered at the same time (*Robinson* v. *Wheeler*, 25 N. Y., 252), show the same purpose and intent of the parties. So far as the right of way affects the lands conveyed by Auchmoody to the plaintiff, the right of way over it becomes perfect by such rules of construction. It would be treated as a reservation in the deed, even though the parties signing the deed of way had no legal authority to convey the title. This right of way was part of the consideration which the plaintiff agreed to pay for the lands bought. As to those lands owned by the church before this transaction, a different rule might prevail. A title to such lands could not pass by construction or implication. Still, the papers together amount, in effect, to a reservation by Auchmoody of a right of way to the street. The plaintiff, by its acts and the acts and declarations of its officers and agents, invalid if you please, has designated the location of such way on and over the west part of the church lot. If such location can be disturbed, it can only

be by giving to Auchmoody or his grantee another right of way upon lands conveyed to plaintiff. The plaintiff cannot take all the benefits of its contract and repudiate all the burdens. It cannot appeal to a court of equity to deprive the defendant of a right which he equitably, if not legally, possesses from and through the plaintiff, and which the plaintiff equitably owes to him. If the plaintiff insists on claiming title under Auchmoody's deed, it must recognize as a part thereof the charge by right of way over its own lands. ( *Wilson* v. *Troup*, 2 Cow., 195, 217, 218 ; *Lovett* v. *German Ref'd. Church*, 12 Barb., 67 ; 1 Story Eq., 148, §§ 64, *e*, 301.)

He who seeks equity must do equity.

I do not undertake to determine whether this right of way over plaintiff's lot is such an interest in land as requires the authority of the court for its sale. I deem it sufficient that it would be inequitable for the plaintiff to deprive the defendant of his right of way, bought of and paid for to the plaintiff, without in any way returning, or offering to return, any portion of the consideration. It is a position which no person or even soulless corporation may take.

Other questions are raised by the plaintiff, upon the hypothesis that the use of this way by defendant is different from that intended. I do not think there is any foundation for such suggestion. If there were, the plaintiff is wrong in the remedy sought in this action, and ought not to succeed on such grounds.

I have endeavored to discuss the merits of the controversy between these parties. In doing so I have become satisfied the plaintiff was holding a false and untenable position, and that the referee has correctly found in favor of the defendant upon the subject here discussed. It is not necessary to uphold the deed of right of way as a valid consequence, or to deny the necessity of legal authority derived from the court to make such a conveyance valid. The controlling principle is outside of all this.

The complainant in a court of equity cannot use that court to perpetrate a wrong necessarily flowing from the case presented.

I think the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.