THE CENTRAL PARK BAPTIST CHURCH, on the Petition of JOHN R. FRAZER, Respondent, *v.* C. VENTON PATTERSON et al., Appellants.

MOTION in the alternative for a reargument or for leave to appeal to the Court of Appeals.

*Herbert H. Gibbs*, for appellants.

*J. C. Julius Langbein*, for respondent.

BISCHOFF, J. The motion for reargument is based upon a contention involving examination into the state of the evi-

dence merely, and appellants' counsel acknowledges that the point was not presented to the court on argument of the appeal.    Upon this ground the motion might well be denied. (*Siegman* v. *Keller*, 6 Misc. Rep. 593 ; *Geoghegan* v. *Atlas S. S. Co.*, Id. 127), but upon the merits of the contention it is found to be without weight.    The claim is that no evidence was given to support the allegation that the petitioner, Frazer, was appointed custodian of the church edifice by the board of trustees of the religious corporation having title to the property.

Looking into the evidence we find that the acknowledgment annexed to the minutes of the meeting at which the petitioner was constituted custodian contains the statement that such minutes were sealed with the corporate seal of this corporation under the direction of the board of trustees.

We think, however, that the appellants should be permitted to present to the Court of Appeals the question whether, or not, the agent appointed by the board of trustees was the agent of the "person lawfully entitled to the possession" of the premises owned by the corporation, and so authorized to institute the proceeding.    Code Civ. Proc. § 2235.

Whether the act under which this corporation was organized (Chap. 329, Laws of 1876) is to be construed as giving the board of trustees the right to possession of the property and an attendant right in their appointee to institute proceedings for forcible entry and detainer (Code Civ. Proc. § 2235), or whether the section noted would take the case out of the rule laid down in *People ex rel. Fulton* v. *Fulton*, 11 N. Y. 94, only so far as to allow the board itself, as agent, to maintain the proceeding, is, we think, a question of some doubt and of sufficient importance to warrant our granting the leave asked.

Motion for reargument denied.

Motion for leave to go to Court of Appeals granted as above ; no costs.

DALY, Ch. J., and PRYOR, J., concur.

Motion for reargument denied and motion for leave to go to the Court of Appeals granted, without costs.