WALTER B. FARGO, Respondent, *v.* CHARLES OWEN, Appellant.

*Power of attorney to collect rents, etc. — right of the attorney thereunder to bring suits for the collection of rent in his own name.*

A power of attorney was made under the hands and seals of five devisees of real estate to the sixth devisee thereof, which in the usual form made, constituted and appointed him their true and lawful attorney for them and in their name, place and stead, to take charge of, manage and care for all the real estate therein mentioned, to make leases of the same as might be needful and to collect the rents. It contained the usual grant of full power and authority to do all things necessary to be done in the premises, as fully, to all intents and purposes, as they might or could do if personally present, and it granted the power of substitution and ratified and confirmed in advance "all that our said attorney or his substitute shall lawfully do or cause to be done by virtue thereof." There was no special reference therein to the bringing of actions.

An action was brought in the name of the attorney to collect the rent of certain premises orally leased by said attorney in his own behalf and in behalf of his co-devisees.

*Held*, that such power of attorney created an express trust, and that an action for rent could be maintained by the attorney in his own name without joining with him any of the persons for whose benefit the action was prosecuted ;

That the words "in our name, place and stead" did not limit but conferred authority upon the attorney;

That the authority of the attorney to bring suits for the collection of rents was to be inferred from his authority to collect rents and to protect the property from loss and damage.

APPEAL by the defendant, Charles Owen, from a judgment of the County Court of the county of Wyoming in favor of the plaintiff, entered in the office of the clerk of the county of Wyoming on the 12th day of January, 1894, upon the decision of the court affirming the judgment of a justice of the peace of the town of Warsaw, Wyoming county.

*E. M. Bartlett*, for the appellant.

*T. W. Brown*, for the respondent.

DWIGHT, P. J. :

The action was to recover rent of a house and lot in the village of Warsaw, under an oral contract made by the plaintiff with the defendant. The title to the property was in six devisees of one Allen Fargo, deceased, of whom the plaintiff was one, and he had a

general power of attorney from the other five to manage, care for, lease and collect the rents of all the real estate of which Allen Fargo was the owner at the time of his death in the town of Warsaw. He made the oral lease in question to the defendant, in behalf of himself and the other owners, and he brought this action in his own name. The only question presented by this appeal is, whether, by virtue of his power of attorney, the plaintiff was entitled to bring and maintain the action in his own name, as the trustee of an express trust, under section 449 of the Code of Civil Procedure.

The power of attorney was under the hands and seals of the several devisees, other than the plaintiff, and, in the usual form, it made, constituted and appointed the plaintiff their true and lawful attorney for them and in their name, place and stead to take charge of, manage and care for all the real estate as above, to make leases of the same as might be needful and to collect the rents. It contained the usual grant of full power and authority to their said attorney to do all things necessary to be done in the premises, as fully, to all intents and purposes, as they might or could do if personally present; it granted the power of substitution and ratified and confirmed in advance "all that our said attorney or his substitute shall lawfully do or cause to be done by virtue thereof."

There can be no stronger instance of an express trust than that furnished by this instrument, and the case is, so far, undoubtedly brought within both the general provision and the particular definition of section 449 (supra). The provision is that "A trustee of an express trust * * * may sue without joining with him the person for whose benefit the action is prosecuted;" and the definition is that "A person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust, within the meaning of this section."

But the contention on the part of the appellant is that, by the express terms of the power of attorney, the authority of the plaintiff was limited to acts to be done in the name of his principals, the language being "in our name, place and stead." The argument is based upon a very narrow construction of the instrument. The words "in our name" do not limit but confer authority. By virtue of this authority the attorney may use the names of his principals in executing leases and other contracts and giving receipts and acquit-

tances. There is no special reference in the instrument to the bringing of actions. Authority for that purpose is to be inferred from the authority to collect rents and to protect the property from loss and damage, but there is no purpose to prescribe the manner in which the authority shall be exercised; that is to be governed by the law and the rules of procedure. The power of attorney creates an express trust, and, in doing so, confers upon the trustee the authority, in matters of form, which by law pertains to that relation. Under the special authority of the power of attorney the plaintiff may, undoubtedly, bring an action in the name of his principals, but he is not thereby deprived of the general authority which is conferred by statute upon every trustee of an express trust.

There was no error in the ruling of the justice denying the defendant's motion for a nonsuit, and the verdict of the jury determined all other questions raised on the trial.

The judgment of the County Court affirming that entered on the verdict must be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court of Wyoming county appealed from affirmed, with costs.