MEYER A. NOVICK, Plaintiff, *v.* BLAKE WASHINGTON
et al., Defendants.*

(Supreme Court, Sullivan Trial Term, May, 1919.)

Parties — forcible entry and detainer — who is not a real party
in interest — pleading — Code Civ. Pro. § 449 — Code Civ.
Pro. § 488(8).

An action for forcible entry and detainer is in tort and may
be brought only by the person who had possession of the
property.

The complaint in such an action alleged that plaintiff was
the agent or attorney of another under a duly executed written
instrument authorizing plaintiff in his own name to do any
and all acts which in his judgment might be necessary to
protect the property interests of the maker of the instrument
in a particular locality, and to bind her with the same force
and effect as if she were personally acting. Upon sustaining
a demurrer to the complaint, *held,* that plaintiff was neither
the real party in interest nor the trustee of an express trust
under section 449 of the Code of Civil Procedure.

The defect was one within subdivision 8 of section 488 of
the Code of Civil Procedure relating to failure to state facts
sufficient to constitute a cause of action and not within sub-
division 6 of said section.

DEMURRER to complaint.

Meyer A. Novick, for plaintiff.

John D. Lyons, for defendants.

HINMAN, J. The plaintiff sues to recover damages
alleged to have been sustained by one Annie Novick
through the alleged wrongful acts of the defendants.
He alleges in the first paragraph of his amended com-

---

* Published by request.— [REPR.

plaint as follows: " That at all times hereinafter mentioned plaintiff was the agent, representative and trustee of Annie Novick of the Village of Monticello, by virtue of an instrument in writing duly executed, and thereby authorized by said Annie Novick, to do, in his own name, any and all acts which in plaintiff's judgment may be necessary, for the protection of said Annie Novick's property interests in the Village of Monticello, and to bind her with the same force and effect as if she were personally acting; that on the 26th day of February, 1919, plaintiff was expressly authorized by said Annie Novick to bring this action by virtue of his trusteeship as aforementioned."

The amended complaint then proceeds to recite the grievances constituting the cause of action and the damages resulting therefrom.

The defendants have demurred to the complaint and specify the following grounds:

"(1) That there is a defect of parties plaintiff as appears upon the face of said complaint; (2) that the plaintiff has not legal capacity to sue as appears upon the face of said complaint; (3) that the complaint does not state facts sufficient to constitute a cause of action as appears upon the face thereof."

This is an action in tort for forcible entry and detainer, as clearly indicated by paragraphs second and third of the complaint and by the demand for relief, whereby the plaintiff asks for treble damages against the wrongdoers under section 1669 of the Code of Civil Procedure, which relates to forcible entry and detainer. The plaintiff does not pretend that he is a trustee of an express trust within the meaning of the provisions of the Real Property Law or the Personal Property Law relating to trusts. The contention seems to be that the plaintiff is a trustee of an express trust as that term is defined in the last

sentence of section 449 of the Code of Civil Procedure. That sentence reads as follows: "A person, with whom, or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

The plaintiff contends that this case comes within the decision in *Fargo* v. *Owen,* 79 Hun, 181; that his power of attorney to bring the action in his own name made him a trustee of an express trust. That was not the ruling in *Fargo* v. *Owen.* That case is only authority for the proposition that where one, acting under a power of attorney to care for property and lease and collect rents, enters into a contract of lease with a third party for the benefit of his principal, such agent or attorney is a trustee of an express trust within section 449 of the Code above quoted. The " contract " mentioned in that section is not the contract of agency but the agent's contract for and on behalf of his principal with a third party.

There is no allegation in the complaint here that the plaintiff as such agent has entered into any contract whatsoever for his alleged principal, either in his own name or otherwise, and so he fails to state facts sufficient to bring him within the definition of a trustee of an express trust as defined in that section.

Moreover, an action for forcible entry and detainer is a cause of action in tort reposing only in the person who had the possession of the property, and this plaintiff did not have such possession. *People ex rel. Fulton* v. *Fulton,* 11 N. Y. 94.

The plaintiff is not the real party in interest nor is he a trustee of an express trust within the said definition in section 449 of the Code. Consequently, he fails to state facts sufficient to constitute a cause of action in himself individually or as such a trustee but he has stated a cause of action, if at all, in favor of a

stranger to the action, one who has not been made a party plaintiff either in the title or in the body of the complaint.

This brings us to the question whether this defect is one within the meaning of subdivision 8 of section 488 of the Code relating to failure to state facts sufficient to constitute a cause of action or whether it is a defect contemplated in subdivision 6, relating to " defect of parties, plaintiff or defendant," a special ground of demurrer which section 490 of the Code requires to be set up in such a manner as to specifically point out the particular defect relied upon and not in the language of the subdivision. The defendants, in their demurrer, have raised both objections but have objected under subdivision 6 in the language of that subdivision.

I am convinced that the defect in question runs to the sufficiency of the complaint as failing to state facts sufficient to constitute a cause of action. The " defect of parties " referred to in subdivision 6 cannot relate to a case where there is but one party plaintiff who is not the real party in interest nor authorized to sue by special statute or in a representative capacity. If that were so, it would result in a plaintiff suing for a judgment to which he was not entitled or in an amendment to substitute an entirely new plaintiff, which cannot be done. While the nature of the litigation would not be changed in that Annie Novick, the real party in interest, would stand upon the same allegations set forth in the complaint herein, the court has not jurisdiction of the person of Annie Novick. She has not come into court and the court cannot make her a party to the action by an amendment. *Davis* v. *City of New York,* 14 N. Y. 506, 527; *Bassett* v. *Fish,* 75 id. 304; *Shaw* v. *Cock,* 78 id. 194;

*New York S. M. Milk Pan Assn.* v. *Remington Agricultural Works,* 89 id. 22.

There have been decisions where the party plaintiff, prosecuting an action, was authorized by statute to prosecute the same for and on behalf of the real party in interest, and was in court but under a defective name or title as party plaintiff, in which cases an amendment correcting the title was permitted. *Spooner* v. *Delaware, L. & W. R. R. Co.,* 115 N. Y. 22; *Van Tuyl* v. *New York Real Estate Security Co.,* 153 App. Div. 409; affd., 207 N. Y. 691. Where an infant sues by a guardian *ad litem,* appointed by the court for that purpose, and such guardian *ad litem* adopts an informality of title, the infant is none the less in court and the defect is one of form not of substance. So, too, where the superintendent of banks, as such, brings an action to enforce a debt to a delinquent trust company, instead of in the name of the trust company, as required by the statute, the summons and complaint can be amended to correct the title, because the only person authorized by the statute to bring the action on behalf of the delinquent corporation is in court. There is simply an informality of title.

In the case of *Bank of Havana* v. *Magee,* 20 N. Y. 355, the cause of action belonged to Charles Cook, a private banker, who commenced his action in the name of the Bank of Havana, which was the name he had assumed under which to carry on his banking business. He was in court but under a wrong name.

In *Dean* v. *Gilbert,* 92 Hun, 427, the court permitted the action to be continued in the name of the plaintiff as a corporation, where the corporation was the real party in interest and had been described in the complaint as an association. The right body was in court but under the wrong name.

But here, Annie Novick, the real party in interest,

is not in court through any person authorized to prosecute the action in her behalf by virtue of any statute but it is alleged that the present party plaintiff is her agent or attorney under an instrument executed by her. We have seen that the Code of Civil Procedure, section 449, expressly precludes her from coming into court in any such manner for the purpose of bringing an action. It is also obvious that the name of the present plaintiff is not the wrong name for the real party in interest. This is clear from the pleading itself.

Moreover, if I am correct in my conclusion that the present plaintiff cannot maintain the action in his own name or otherwise, there would be no party plaintiff in court having any real interest in the controversy who could demand that any other person be brought in. Not having any right he would have no remedy and there being no one left in court as a party plaintiff who could demand any relief, the action must fail.

All of the foregoing justifies the conclusion reached in *Ralli* v. *Equitable Mutual Fire Ins. Co.,* 16 Misc. Rep. 357, which is directly in point here and in which Justice Bischoff says: '' Failing privity of contract or title in the plaintiffs to the demand in suit, the complaint did not state facts sufficient to constitute a cause of action.'' The demurrer is sustained.

Demurrer sustained.