Btjdd G. Goodman, J.
This is a proceeding to dispossess the respondent as a holdover pursuant to subdivision 11 of section 713 of the Real Property Actions and Proceedings Law. It was stipulated at the trial that the respondent’s father had been previously employed by the petitioners-landlord as superintendent. It was further conceded that upon Mr. Sykes’ death in 1967, respondent who had been living with him in his apartment, became the superintendent, and held this position from about July, 1967 until February, 1971. At that time, she was discharged by the petitioners and requested to vacate the apartment. The building at issue is a large multiple dwelling and is presently subject to rent control.
Respondent seeks to dismiss the petition on two grounds. First, that by virtue of the Rent and Eviction Regulations of the Office of Rent Control, petitioners were required to obtain a certificate of eviction, and cannot proceed under the Real *765 Property Actions and Proceedings Law, because the respondent is a “ tenant ” as defined by subdivision 0 of section 2 of the rent regulations. With this contention, the court cannot agree. As to a superintendent, an owner is not required to obtain a certificate of eviction as a condition precedent to commencing summary proceedings. (Tursi v. Esposito, 194 Misc. 498.)
The case of Matter of Freidman v. Weaver (3 N Y 2d 123) relied upon by the respondent to show that she is a “ tenant for the purposes of the Rent Regulations ” is clearly not in point. In that case, the respondent was a tenant and part time janitor. The landlord had in fact sought a certificate of eviction on the ground that a resident superintendent was needed. In upholding Special Term’s dismissal of an article 78 proceeding which sought to annul a determination of the State Rent Administrator denying the certificate, the Court of Appeals held that there had been no adequate showing of a need for a resident superintendent and further that there had been bad faith on the part of the landlord, in seeking a certificate. The court did not find it necessary to determine whether the respondent had “ entered into possession as an incident of his employment ’ ’ and, if so, whether he was a ‘ ‘ tenant ’ ’ pursuant to the Rent Regulations, for that was not in issue.
The respondent in this proceeding further contends that even if the Real Property Actions and Proceedings Law is applicable, she did not “ enter into possession as an incident of her employment.” From the evidence adduced art the trial, the court finds that the respondent’s father entered into possession as an incident of his employment as superintendent, and during the time respondent lived with him, she did so solely by virtue of the relationship between her father and the petitioners. Upon his death (a termination of the employment, required by Real Property Actions and Proceedings Law [§ 713, subd. 11]), the petitioners could certainly have been able to evict respondent under a fair interpretation of that statute. For were it otherwise, a landlord would be reluctant to hire a superintendent with a family, and place them in an apartment, for fear that upon the superintendent’s death, he, the landlord, would be the recipient of unwanted tenants, and be left with no living quarters available in which to place a new superintendent.
Thus, instead of evicting her, the petitioners chose to hire the respondent in 1967, and cannot be in a worse position today when they have decided that they no longer can use her services as superintendent.
Had the respondent’s father entered into possession as a tenant and then become superintendent, his landlord-tenant rela *766 tionship would not have terminated. (Mayer v. Norton, 62 Misc 2d 887.) There is no inconsistency between a landlord-tenant relationship and a master-servant relationship. (Cosvira Realty Corp. v. Hertelendy, 61 N. Y. S. 2d 283.) The respondent in that instance would have obtained that status as a “ tenant ’’ which would not have been destroyed by her subsequent employment.
The respondent having entered into possession as an incident of her employment, the petitioners are entitled to evict her, having terminated her employment. Accordingly, the petitioners are awarded possession of the premises, with a 60-day stay of execution, use and occupancy at the rate set by the rent commission for the apartment occupied from March 1, 1971 to the date respondent vacates the premises.