## FOURTH DEPARTMENT, APRIL, 1972

### (April 7, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH EDWARD AINSWORTH, Appellant, v. JOHN T. DEEGAN, Warden, Respondent.— Appeal unanimously dismissed as moot. It appears that relator has been remanded for resentence to Suffolk County Court following an article 78 proceeding held subsequent to this habeas corpus proceeding. (Appeal from judgment of Cayuga County Court, dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Cardamone, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL D. COMPTON, Appellant.— Motion granted and order entered January 20, 1972 [38 A D 2d 788] amended to state that the determination of reversal be on the law. Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.

### (April 13, 1972)

■ CALVIN H. CHAPMAN, Appellant, v. HOWARD B. JOHNSON et al., Respondents.— Judgment and order unanimously affirmed, with costs. Memorandum: Plaintiff appeals from a Special Term order dismissing his cause of action, brought under section 853 of the Real Property Actions and Proceedings Law, on the ground that said action is barred by the one-year Statute of Limitations (CPLR 215, subd. 3). Although plaintiff has attempted to express his cause of action in terms of a breach of contract, in fact and in law it is an action in tort for an assault and battery. Section 853 of the Real Property Actions and Proceedings Law "applies only where the force employed to oust a tenant is unusual, tends to bring about a breach of peace, and the entry is with a strong hand". (Drinkhouse v. Parka Corp., 3 N Y 2d 82, 91.) Such a standard, by its very terms, indicates that the gravamen of the cause of action is in tort, not contract (Manning v. 1234 Corp., 174 Misc. 36, affd. 260 App. Div. 914; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac. par. 215.03; and see Loehr v. Eastside Omnibus Corp., 259 App. Div. 200, affd. 287 N. Y. 670; de Wolf v. Ford, 193 N. Y. 397; Gillespie v. Brooklyn Hgts. R. R. Co., 178 N. Y. 347; Novick v. Washington, 110 Misc. 379). The oral contract alleged by plaintiff does not establish any new duty incumbent on the defendant which would invoke the six-year Statute of Limitations applicable to contract actions (CPLR 213, subd. 2). The cause of action was, therefore, properly held to be barred by the one-year Statute of Limitations. (Appeal from judgment and order of Erie Special Term, granting summary judgment in action for damages for assault and battery.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.