**TABACALERA CUBANA, S.A., et al.,**
**Plaintiffs,**

**and**

**American Brands, Inc., as successor to the interests of Cuban Tobacco Company, Inc. in Tabacalera Cubana, S.A., Plaintiff-Intervenor,**

**v.**

**FABER, COE & GREGG, INC.,**
**Defendant.**

**No. 66 Civ. 3477.**

United States District Court,
S. D. New York.

July 12, 1974.

Chadbourne, Parke, Whiteside & Wolff, New York City, for plaintiff-intervenor; Edward C. McLean, Jr., Chester J. Hinshaw, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant; Allan Blumstein, New York City, of counsel.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

This action arises out of the expropriation by the Castro Government of Cuba of Tabacalera Cubana, S. A. (Tabacalera), a Cuban cigar manufacturer whose cigars were purchased and imported into the United States by defendant, Faber, Coe & Gregg (FC&G), an American importer. The issues raised are, with variations, similar to a number of the issues in F. Palicio y Com-

pania, S. A. v. Brush & Bloch, 256 F. Supp. 481 (S.D.N.Y.1966), aff'd, 375 F.2d 1011 (2d Cir. 1967), cert. denied, 389 U.S. 830, 88 S.Ct. 95, 19 L.Ed.2d 88 (1967), and Menendez v. Faber, Coe & Gregg, 345 F.Supp. 527 (S.D.N.Y.1972), aff'd, mod. and remanded, 485 F.2d 1355 (2d Cir. 1973), cert. granted 416 U.S. 981, 94 S.Ct. 2382, 40 L.Ed.2d 758 (1974). The controversy in this action basically concerns whether the plaintiffs, the Government of Cuba and its agencies, or the intervener-plaintiff, American Brands, as successor in interest to the American owners of Tabacalera, is entitled to recover the price of cigars shipped to FC&G from Cuba, both before and after the expropriation.

Only a motion by defendant FC&G to dismiss a portion of the complaint of the intervener-plaintiff is now before the Court. The motion is addressed to that portion of the American Brands complaint which seeks to recover the purchase price of cigars shipped by Tabacalera prior to expropriation for which payment was mistakenly made by FC&G to the Cuban Government instead of to Tabacalera. FC&G contends that this claim is barred by the New York 6-year statute of limitations (CPLR 213(2), McKinney's Consol.Laws, c. 8).

In order to understand the issue raised, a brief review of the background of this litigation is necessary.

For many years prior to September 15, 1960, Tabacalera, a Cuban corporation and a subsidiary of American Brands, a New Jersey corporation, manufactured cigars in Cuba which were sold to FC&G and imported into the United States. On September 15, 1960, Tabacalera was "intervened" by the Castro Government of Cuba and interventors acting for that Government took possession of the business and properties of Tabacalera in Cuba. The interventors continued to manufacture cigars in the Tabacalera properties which had been expropriated and for a period exported such cigars to FC&G in the United States under the Tabacalera name.

On April 28, 1961 the Chadbourne law firm brought suit on behalf of Tabacalera in the Supreme Court, New York County, for the unpaid balance due on shipments of cigars from Cuba to FC&G. Annexed to the complaint in that action was a list of shipments totalling some $84,000 net.

In June 1961, two months thereafter, the law firm of Rabinowitz & Boudin, representing the Cuban Government, brought suit in this Court in the name of Tabacalera against the Chadbourne firm. As in *Palicio,* the complaint sought a declaratory judgment that Rabinowitz & Boudin were entitled to represent Tabacalera and an injunction against prosecution of the State Court action by the Chadbourne firm on Tabacalera's behalf. In October 1966, Rabinowitz & Boudin commenced a second action in this Court on behalf of the Republic of Cuba, the Tabacalera interventors and others, against FC&G, to recover the purchase price of substantially the same cigar shipments as were involved in the State Court action commenced by the Chadbourne firm.

All of these three actions remained in abeyance pending determination of the *Palicio* and *Menendez* cases in the Court of Appeals.

On September 25, 1973, shortly after the Court of Appeals decided *Menendez,* I called a conference of counsel in these three actions to work out a consolidation. After negotiation among the parties, a stipulation was entered into and approved by the Court on November 9, 1973.

The stipulation provided (1) that American Brands was added as party plaintiff to the action against FC&G pending in this Court and was directed to file "appropriate pleadings asserting any claim which it may have as successor to the interests of the former owners of Tabacalera; (2) that the Rabinowitz firm would continue to represent the interests of the Republic of Cuba and its agencies arising out of the Tabacalera transactions; (3) that the Chadbourne firm would represent American Brands as successor to the former

Tabacalera owners; and (4) that the Tabacalera suit in the New York Supreme Court against FC&G and the Tabacalera suit brought by Rabinowitz & Boudin against the Chadbourne firm in this Court should both be discontinued without prejudice.

Pursuant to the stipulation American Brands served a complaint asserting the claim of the former owner of Tabacalera against FC&G, and the discontinuances of the State Court action against FC&G and the action against the Chadbourne firm in this Court were thereafter duly accomplished. The American Brands complaint sought recovery for the purchase price of the 14 Tabacalera cigar shipments to FC&G alleged in the original complaint in the State Court action amounting to some $84,000 net and, in addition, for the price of any additional shipments of Tabacalera cigars to FC&G for which (a) no payment had been made by FC&G to anyone or (b) for which payment had been improperly made by FC&G to the Cuban Government or its agencies, instead of to the former Tabacalera owners.

Subsequent to the filing of the American Brands complaint, FC&G disclosed, in response to an inquiry from American Brands, that it had issued some $50,000 in checks covering shipments of cigars made prior to the Tabacalera intervention. These payments had been made subsequent to intervention. American Brands claims that the Tabacalera owners never received these payments, that, in fact, as in *Menendez,* the payments were improperly made to the interventors representing the Cuban Government and that FC&G remains liable to the former owners for such shipments. Apparently, prior to this disclosure the same misapprehensions existed as to the facts regarding these payments as had existed in *Palicio* and *Menendez,* 345 F.Supp. at 533. There it was held, on similar facts, that payments for pre-intervention shipments should have been made to the former owners of expropriated Cuban cigar properties and not to the Cuban interventors and that payment to the interventors did not discharge an im-porter's liability to the former owners for such pre-intervention shipments.

On the instant motion, FC&G contends that the claim alleged in the American Brands complaint for the price of any shipments of Tabacalera cigars not specified in the original Tabacalera complaint in the State Court action filed in 1961 and asserted in the complaint in the consolidated action in this court in 1973, is barred by the New York 6-year statute of limitations, NYCPLR § 213.

American Brands, on the other hand, as successor to the Tabacalera former owners, takes the position that the claim is in substance merely an amendment of the original complaint in the State Court action, which relates back to the time of filing that complaint and is therefore not time barred.

Plainly, the American Brands claim sought to be dismissed here is barred by NYCPLR § 213 unless it is an amendment to the Tabacalera state court complaint which relates back to the date of the original pleading under Rule 15 (c) Fed.R.Civ.P.

There are thus two questions here: (1) whether the disputed claim alleged in the American Brands complaint is an amendment to the original Tabacalera complaint and (2) if it is, does it relate back to the date of the original complaint.

As to the first of these questions, it is plain that under the circumstances of this case the claim alleged in the American Brands complaint can only be considered to be an amendment of the original Tabacalera complaint. The stipulation of November 9, 1973 entered into by the parties was designed to and did transfer the Tabacalera State Court action to this Court in the name of American Brands as successor to the interests of Tabacalera's former owners. The stipulation consolidated the state court action so transferred with the two actions relating to the same subject matter in this Court. The American Brands complaint against FC&G, filed pursuant to the stipulation, was substituted for the original Tabacalera complaint and insofar as its allegations differed from

or expanded the allegations of the original, was an amendment of that pleading.

▮ Since that amendment was made after the state court action was transferred to this Court, the question of its relation back to the date of the original pleading is governed by Rule 15(c), Fed.R.Civ.P. 3 Moore's Federal Practice ¶ 15.15[2] (2d ed. 1974); Wright & Miller, 6 Federal Practice and Procedure §§ 1477, 1503 (1971); Michelsen v. Penney, 135 F.2d 409, 416–417 (2d Cir. 1943); Zagurski v. American Tobacco Co., 44 F.R.D. 440, 441–442 (D.Conn.1967); Kimbro v. U. S. Rubber Co., 22 F.R.D. 309 (D.Conn.1958); Scalise v. Beech Aircraft Corp., 47 F.R.D. 148, 150–151 (D.Del.1969); Rule 81(c), Fed.R. Civ.P.; see also Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Rule 15(c) provides, in relevant part,

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.[1]

▮ Here it is clear that the additional claims set forth in the amendment arose out of the same course of conduct, transactions and occurrences set forth in the original Tabacalera complaint. That complaint sought payment for shipments of cigars from Tabacalera in Cuba to FC&G in the United States which were part of a regular course of dealing between Tabacalera and FC&G.

FC&G was given notice of the general fact situation out of which the claim asserted in the amendment arose, not only by the state court action brought on behalf of Tabacalera, but by the action brought in this Court in the name of Tabacalera on behalf of the interventors. Moreover, FC&G could scarcely have been unaware of the action brought by the interventors in this Court against the Chadbourne firm which threw additional light on the transactions and occurrences out of which the amended claim arose.

Under the circumstances in this case, it is clear that FC&G received ample notice of the conduct, transactions and occurrences out of which the amended claim arose before the Statute of Limitations had run. To hold that the amendment did not relate back would require an overly restrictive limitation of Rule 15(c) wholly unjustified by the realities. *See* 3 Moore's Federal Practice ¶ 15.15 [3] (2d ed. 1974); Wright & Miller, 6 Federal Practice and Procedure § 1497 (1971); Middle Atlantic Utilities Co. v. SMW Development Corp., 392 F.2d 380 (2d Cir. 1968); Kelcey v. Tankers Co., 217 F.2d 541, 543 (2d Cir. 1954); Michelsen v. Penney, *supra;* Zagurski v. American Tobacco Co., *supra*, 44 F.R.D. 440, 442 (D.Conn.1967); Rural Fire Protection Co. v. Hepp, 366 F.2d 355 (9th Cir. 1966); Williams v. United States, 405 F.2d 234 (5th Cir. 1968); *cf.* Snoqualmie Tribe of Indians v. United States, 372 F.2d 951 (Ct.Cl.1967) (interpretation of similar rule); *but see* Jackson v. Ideal Publishing Corp., 274 F.Supp. 318 (E.D.Pa.1967); Hartmann v. Time, 64 F.Supp. 671 (E.D.Pa.1946), modified, 166 F.2d 127 (3d Cir.), cert. denied, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (1948); United States v. Templeton, 199 F.Supp. 179 (E.D.Tenn. 1961); United States v. Home Indemnity Ins. Inc., 246 F.Supp. 27 (E.D.Pa. 1965).

Moreover, FC&G has not shown that any substantial prejudice would result from the delay in asserting the claim al-

---

1. The New York rule governing amendments is substantially similar:

(e) *Claim in amended pleading.* A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

NYCPLR § 203(e) (McKinney's 1972). See 1 Weinstein, Korn, Miller ¶ 203.30 (1973).

leged in the amendment. *See* Howey v. United States, 481 F.2d 1187, 1190–1191 (9th Cir. 1972). FC&G was well aware of these transactions and its books and records necessarily reflected them. No detailed records of the transactions appear to have been available to the former owners.

■ The fact that the amendment increases the amount of monetary recovery sought has no bearing on the issue here. 3 Moore's Federal Practice ¶ 15.15[3] at 1030–1031 (2d Ed. 1974); *see* Radio Corp. of America v. Rauland, 186 F.Supp. 704, 706 (N.D.Ill.1956); Williams v. United States, *supra;* Scalise v. Beech Aircraft Corp., *supra;* Hockett v. American Airlines, Inc., 357 F.Supp. 1343 (N.D.Ill.1973); *see also* Rural Fire Protection Co. v. Hepp, *supra.*

I hold that the additional claim alleged in the American Brands complaint is an amendment to the complaint originally filed in the State Court action which relates back to the date of the original pleading. The motion of FC&G to dismiss that portion of the American Brands complaint on the ground that it is time barred is in all respects denied.

It is so ordered.