McCORKLE COOPERATIVE APARTMENTS, INC., Appellant-Respondent, v EMILY GROSS (Formerly EMILY SUTKER) et al., Respondents-Appellants.—In an action *inter alia* to declare that (1) defendant Gross unlawfully transferred occupancy of her apartment in plaintiff's Federally insured co-operative housing project to her nonresident daughter and son-in-law and (2) defendants Goldstein have no right to occupy the said apartment, the parties cross-appeal from an order of the Supreme Court, Westchester County, entered

April 30, 1976, which denied their respective motions for summary judgment. Order modified, on the law, by deleting therefrom the provision that plaintiff's motion for summary judgment is denied and substituting therefor provisions (1) that the said motion is granted and (2) declaring that (a) the said transfer was improper and (b) defendants Goldstein have no right to occupy the said apartment as transferees of defendant Gross. As so modified, order affirmed, without costs or disbursements. While, generically speaking, a daughter and son-in-law are considered within the immediate family of a mother, such is not the case within the meaning of a provision of an FHA occupancy agreement of a nonprofit co-operative housing project dealing with "Transfers to Member's Family" when the daughter, as at bar, resided in a separate marital residence and family unit with her husband at the time of the purported transfer to them by the mother (see *Knolls Coop. Sec. No. 2 v Lehner,* 50 AD2d 898; *Fillmore Gardens Coop. v Goldstein,* NYLJ, Nov. 2, 1973, p 17, col 8; *Murray Hill Coop. Apts. v Steinholz,* NYLJ, Dec. 2, 1970, p 21, col 3; cf. *Davin v Davin,* 114 App Div 396). The material facts in this case are not in dispute and, accordingly, there being no genuine triable issues, plaintiff's motion for summary judgment should have been granted. Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.