Frankie Mai FLORENCE; Wilbert C. Grant; Carl Lorenzo Herrington; Curtis Lavon Herrington; Senita Scott; and Chiquita Herrington, an Infant, By Her Mother Senita Scott, Plaintiffs,

v.

Troopers Henry KRASUCKI, Orlando Gonzales, Robert Yorio, and Thomas Law, and Investigator M. G. Moore, Individually and in their Capacities as Officers of the New York State Police; Frank Freer; and Freer Fruit Farms, Inc., Defendants.

No. CIV-79-821B(C).

United States District Court, W. D. New York.

Feb. 25, 1982.

Farmworker Legal Services of New York, Inc., Rochester, N.Y. (Walter H. Ruehle, Rochester, N. Y., of counsel), for plaintiffs.

Robert Abrams, Atty. Gen. of New York, New York City (Dale Engle Skivington, Deputy Asst. Atty. Gen., Rochester, N. Y., of counsel), for defendants Krasucki, Gonzales, Yorio, Law, and Moore.

Nixon, Hargrave, Devans & Doyle, Rochester, N. Y. (Bruce D. Feldman, Rochester, N. Y. of counsel), for defendants Frank Freer and Freer Fruit Farms, Inc.

CURTIN, District Judge.

Currently before the court in this action are defendants' motion to dismiss the complaint as time-barred and the plaintiffs' motion to strike the defendants' fifth affirmative defense. These motions are based upon defendants' contention that the applicable statute of limitations for plaintiffs' complaint is the one-year provision for intentional torts of New York C.P.L.R. § 215.

Many of the facts are not disputed, and I will briefly set them forth. Plaintiffs are migrant farm workers and the infant child of one of the workers. Defendants are plaintiffs' employer, Freer Fruit Farms, Inc. [the Farm], Frank Freer, and five New York State Police Officers. The migrant workers entered into a contract with defendant Freer, acting as agent for Freer Fruit Farms, pursuant to which they were employed to pick apples at the Farm. As partial consideration for their work, the plaintiffs were to receive housing on the premises of the Farm on property owned by Mr. Freer and leased by him to the corporate defendant. Plaintiffs allege that on or about October 17 or 18, 1978, their employment was abruptly terminated by defendant Freer, and they were ordered to vacate their living quarters immediately.

The gravamen of plaintiffs' complaint is that although they were preparing to vacate the migrant workers' living quarters, they were nevertheless forcibly and unlawfully evicted from the premises by defendant Freer with the assistance of the State defendants. It is plaintiffs' contention that the defendants conspired to deprive them of equal protection of the law and did so deprive them by evicting them without regard to the procedural safeguards of the New York Real Property and Procedure Law [RPAPL]. Plaintiffs base their cause of action upon 42 U.S.C. §§ 1983 and 1985(3) and allege as well various pendent state claims under RPAPL §§ 701 et seq., 853, and New York conspiracy law. Jurisdiction for these pendent claims is based upon both the pendent jurisdiction doctrine and upon 28 U.S.C. § 1332, since diversity of citizenship exists among the parties.

Defendants have moved to dismiss all claims on the basis that they are barred by the one-year provision of C.P.L.R. § 215, which defendants contend is the applicable New York statute of limitations for civil rights actions. Defendants rely upon the cases of *Chapman v. Johnson*, 39 A.D.2d 629, 331 N.Y.S.2d 184 (4th Dept. 1972), and *Staffen v. City of Rochester*, 80 A.D.2d 16, 437 N.Y.S.2d 821 (4th Dept. 1981), to support their contention that the three-year statute of limitations of C.P.L.R. § 214(2) should not be applied because section 1983 does not create a claim but only provides a remedy to enforce federal civil rights.

In May of 1981, when the plaintiffs' motion to strike the statute of limitations defense was filed, the law in this circuit was unsettled regarding the applicable statute of limitations. The United States Court of Appeals for the Second Circuit had indicated in a number of cases that the appropriate statute was New York C.P.L.R. § 214(2), the three-year provision to recover upon a liability created or imposed by statute, but had not finally resolved the issue. *See Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1980), *cert. denied* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Taylor v. Mayone*, 626 F.2d 247 (2d Cir. 1980); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir. 1980).

The issue was finally laid to rest in July of 1981 when the court issued its decision in *Pauk v. Board of Trustees of City University of N.Y.*, 654 F.2d 856 (2d Cir. 1981). In *Pauk*, the United States Court of Appeals for the Second Circuit discussed the impact of *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), also relied upon by defendants,

and firmly established section 214(2) as the limitations period applicable to section 1983 actions.

Despite this clear authority, the defendants nevertheless maintain that section 214(2) should not be applied to the plaintiffs' claims herein because plaintiffs have not properly stated a cause of action under section 1983.

In support of this argument, defendants Freer and Freer Fruit Farms rely upon the case of *Engblom v. Carey*, 522 F.Supp. 57 (S.D.N.Y. 1981). In *Engblom*, the plaintiffs' claims were based upon section 1983 and upon the Third Amendment to the United States Constitution.

The *Engblom* plaintiffs were correctional officers at Mid-Orange Correctional Facility in the State of New York and resided in housing made available to employees of the facility. Plaintiffs participated in a statewide labor strike by corrections officers during April of 1979. Their complaint arose out of the actions of the Governor of the State of New York and the National Guard in occupying plaintiffs' rooms during the strike. Plaintiffs claimed that these actions deprived them of property without due process of law and violated the provisions of the Third Amendment of the Constitution.[1] In dismissing the Third Amendment and section 1983 claims, the court held that the plaintiffs did not demonstrate the requisite "property or possessory interest" in the premises. Honorable Robert W. Sweet characterized the plaintiffs' occupancy of the dormitory-like residences as analogous to a possession incident to employment "which carries with it a somewhat lesser bundle of rights than does a tenancy." *Id.* at 67, *citing Dobson Factors, Inc. v. Dattory*, 80 Misc.2d 1054, 364 N.Y.S.2d 723 (N.Y. Co.Civ.Ct.1975); *Hartman v. Sykes*, 66 Misc.2d 764, 322 N.Y.S.2d 158 (N.Y.Co. Civ.Ct. 1970); 1 J. Rasch, *New York Landlord & Tenant*, §§ 68, 69 at 91–94 (2d ed. 1971).

As in the instant case, the plaintiffs in *Engblom* argued that the defendants' failure to follow the procedures for summary eviction of the RPAPL is itself sufficient to give rise to a cause of action under section 1983.

R.P.APL § 713 provides:

A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735, upon the following grounds:

\*     \*     \*     \*     \*     \*

11. The person in possession entered into possession as an incident to employment by petitioner, and the time agreed upon for such possession has expired or, if no such time was agreed upon, the employment has been terminated; no notice to quit shall be required in order to maintain the proceeding under this subdivision.

Thus, as Judge Sweet recognized, the tenant occupying premises as an incident to his or her employment is not devoid of procedural rights upon termination of the employment. Under the RPAPL, the owner-employer is required to follow the procedures for summary eviction outlined in the statute. The court in *Engblom* nevertheless held that these rights were "largely procedural, violation of which is not encompassed by the Due Process Clause of the Fourteenth Amendment," and further held that the injuries sustained by the plaintiffs due to the defendants' failure to follow these substantive provisions of the RPAPL were "not such as to establish a constitutional violation." *Id.* at 68.

Judge Sweet's decision, however, rested upon extraneous factors which are not present in the instant case. The court noted that the Engblom plaintiffs were "not tenants in ordinary apartments, or anything of the sort," but were "employees of a very specialized institution who, in applying for

---

1. The Third Amendment to the United States Constitution states:

   No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law.

and accepting on-grounds housing, must be charged with knowledge of the risks and the possible limitations on their 'rights' involved." *Id.* at 68. Most importantly, the court found that the plaintiffs had not terminated their employment in such a way that they would be entitled to the safeguards of the RPAPL; Judge Sweet held that they had not been evicted from the premises but instead "voluntarily relinquished" their interests in the premises temporarily for the duration of the strike.

■ None of these factors which mitigate in favor of the defendants' position is present in this case. In general, it is well established that a deprivation of procedural due process rights may be the basis of a claim under section 1983. *See Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Kendall v. Board of Education of Memphis City*, 627 F.2d 1 (6th Cir. 1980); *Duckett v. Ward*, 458 F.Supp. 624 (S.D.N.Y. 1978). It is axiomatic that, in deciding a motion for summary judgment, this court must accept the plaintiffs' version of the facts and draw all factual inferences in the light most favorable to the party opposing the motion. *Quinn v. Syracuse Model Neighborhood Board, supra* at 445; *O'Grady v. City of Montpelier*, 573 F.2d 747 (2d Cir. 1978); *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1319 (2d Cir. 1975). Plaintiffs' version of the facts shows state officials acting in conjunction with private parties to wilfully, deliberately, and maliciously deprive the plaintiffs of the procedural safeguards of the RPAPL. There is no question but that the plaintiffs' employment was finally terminated. Moreover, plaintiffs here are private individuals and not employees whose actions threaten the public safety in any way. Plaintiffs' claims are supported by specific allegations of fact and are sufficient to withstand this motion for summary judgment. *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976); *Powell v. Jarvis*, 460 F.2d 551 (2d Cir. 1972). Accordingly, the court

finds that the plaintiffs have stated a cause of action under section 1983. Thus, New York C.P.L.R. § 214(2) is the applicable statute of limitations, and plaintiffs' federal causes of action are timely.

There remains a separate question of whether the plaintiffs' pendent state law claims are time-barred. These claims fall into two categories for the purposes of this motion. The first is the claim for forcible entry and detainer under RPAPL § 853. The second category includes those claims arising under RPAPL, Article 7, and the charge of conspiracy to violate Article 7. While neither of these sections contains a reference to a specific limitations period, New York courts have held that the one-year statute of C.P.L.R. § 215 is applicable to actions brought under section 853. *Chapman v. Johnson, supra.*

Plaintiffs' original complaint was filed on October 18, 1979, one day before the expiration of the statutory period. It was served upon defendants Krasucki on November 16, 1979, and Freer on December 4, 1979. The defendant Farm's existence and the identity of the state defendants were not known at that time, and they were not served until a later date.[2]

Although the filing of the complaint tolls the statute of limitations in a federal case, we must look to the law of the forum state to determine tolling provisions for claims where jurisdiction is based upon diversity of citizenship. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

■ Under New York C.P.L.R. § 304, an action is commenced by service of the summons. C.P.L.R. § 203(b)(5), however, contains an extension period which tolls the statute for 60 days upon an appropriate filing with the County Sheriff or Clerk of the Court if the action is brought in New York County. Traditionally, filing with the Clerk of the District Court has been deemed the equivalent of filing with the Sheriff

---

2. Chronology of service upon defendants:

| Defendant | Date | Defendant | Date |
|---|---|---|---|
| Freer Fruit Farms, Inc. | August 27, 1980 | Moore and Gonzales | April 20, 1981 |
| Law | April 17, 1981 | Yurio | April 24, 1981 |

and allows the plaintiff to take advantage of section 203(b)(5). *See Somas v. Great American Insurance Company*, 501 F.Supp. 96 (S.D.N.Y. 1980); *Zarcone v. Condie*, 62 F.R.D. 563 (S.D.N.Y. 1974); *Nola Electric Co. v. Reilly*, 93 F.Supp. 164 (S.D.N.Y. 1948), *cert. denied sub nom. Reilly v. Goddard*, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685 (1951). Since defendants Krasucki and Freer were served within 60 days of the end of the limitations period, the claims against them are not time-barred.

Plaintiffs argue that the remaining claims also are timely under the "relation back doctrine" of the Federal Rules of Civil Procedure, Rule 15(c). Defendants argue that Rule 15(c) is not applicable to the instant case. Relying upon the case of *Walker v. Armco Steel Corp., supra*, they claim that the issue is governed by the relevant provisions of C.P.L.R. regarding the amendment of a summons and supplemental summons, C.P.L.R. § 305.

The court has been unable to locate any cases which deal with the precise issue of the impact of *Walker* upon Rule 15(c). A majority of courts have held that Rule 15(c) governs the question of amendment of pleadings in federal court despite a more restrictive state policy. *See Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244, 1249 (5th Cir. 1976); and *Loudenslager v. Teeple*, 466 F.2d 249, 250 (3d Cir. 1972). This rule has been followed by the United States Court of Appeals for the Second Circuit. *See Ingram v. Kumar*, 585 F.2d 566, 570 n.5 (2d Cir. 1978); *Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, 440 F.Supp. 1088 (N.D.N.Y. 1977); *Tabacalera Cubana v. Faber, Coe & Gregg, Inc.*, 379 F.Supp. 772 (S.D.N.Y. 1974); *Applied Data Processing, Inc. v. Burroughs Corp.*, 58 F.R.D. 149 (D. Conn. 1973); and *Zagurski v. American Tobacco Co.*, 44 F.R.D. 440 (D. Conn. 1967).

Defendants argue that the continued validity of these cases is doubtful in light of the United States Supreme Court ruling of *Walker, supra*. Defendants urge this court to disregard the established precedent and hold that the issue is governed solely by reference to Civil Practice Law and Rules.

The court does not read *Walker* so broadly as to require application of state procedural rules in every instance where the federal and state pleading rules conflict. The United States Supreme Court's decision in *Walker* concerned itself with a narrow question of whether the filing of a complaint in federal court pursuant to Rule 3 of the Federal Rules of Civil Procedure serves to toll the state statute of limitations. As discussed above, that question was answered in the negative. The *Walker* court, however, did not promulgate strict rules for determining the application of federal versus state rules for procedure in diversity cases. Instead, the Court reaffirmed its earlier commitments to the *Erie* doctrine [*Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), overruling *Swift v. Tyson*, 16 Pet 1, 10 L.Ed. 865 (1842)], and the cases that have been developed thereunder. In particular, the Court reaffirmed the holding of its 1965 decision in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

The issue presented in *Hanna* was whether service of process could be made in the manner set forth in Rule 4(d)(1) of the Federal Rules of Civil Procedure rather than in the manner required under state law when the two rules were in conflict. In discussing the issue of the application of *Erie* and its progeny, particularly the cases of *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); and *Ragan v. Merchants Transfer and Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Court emphasized the importance of the uniform system of federal rules and noted once again the validity of the rules and the congressional power and purpose behind the Federal Rules Enabling Act, 28 U.S.C. § 2072. The Court stated:

> *Erie* and its offspring cast no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules.... Thus, though a court, in measuring a Federal Rule against the

standards contained in the Enabling Act and the Constitution, need not wholly blind itself to the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state courts, *Sibbach v. Wilson & Co.*, [312 U.S. 1, 13–14, 61 S.Ct. 422, 426, 85 L.Ed. 479], it cannot be forgotten that the *Erie* rule, and the guidelines suggested in *York*, were created to serve another purpose altogether. To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act. Rule 4(d)(1) is valid and controls the instant case.

380 U.S. at 473–74, 85 S.Ct. at 1145.

The *Hanna* court did not overrule but instead distinguished the earlier case of *Ragan v. Merchants Transfer and Warehouse Co., supra.* The issue in *Ragan* pitted state law, which made the date of service critical for purposes of commencing an action and tolling the statute of limitations, against Rule 3 of the Federal Rules of Civil Procedure. This, of course, is the identical issue presented once again for review by the Court in *Walker v. Armco Steel Corp., supra.* The Court concluded that the federal versus state questions raised in *Ragan* fell within the specific category of cases in which "the *Erie* doctrine was simply not the appropriate test of the validity and applicability of one of the Federal Rules of Civil Procedure." *Walker*, 446 U.S. at 747, 100 S.Ct. at 1983. The Court in *Hanna* stated:

> The *Erie* rule has never been invoked to void a Federal Rule. It is true that there have been cases where this Court has held applicable a state rule in the face of an argument that the situation was governed by one of the Federal Rules. But the holding of each such case was not that *Erie* commanded displacement of a Federal Rule by an inconsistent state rule, but rather that the scope of the Federal Rule was not as broad as the losing party urged, and therefore, there being no Federal Rule which covered the point in dispute, *Erie* commanded the enforcement of state law.

380 U.S. at 470, 85 S.Ct. at 1143. Thus, because Rule 3 was not applicable to this specific question of the tolling of the statute of limitations, and because the Court found the facts of *Walker* indistinguishable from those of *Ragan*, the Court was compelled on the basis of *stare decisis* to apply state, and not federal, law.

The facts of the instant case, however, are readily distinguishable from *Ragan* and *Walker* and involve application of Rule 15(c) and not Rule 3. As the United States Court of Appeals for the Second Circuit noted in *Ingram v. Kumar*, "[s]trong federal policies underlie Rule 15(c)." *Supra* at 570, n.5. Support for the application of the federal, as opposed to the state, rule is found in 6 Wright & Miller, *Federal Practice and Procedure*, § 1503, cited by the court in *Ingram*. It is there stated:

> [U]sing the federal rule maintains the uniformity of practice in the federal courts and furthers the goal of deciding cases on their merits, rather than on the basis of procedural errors or the technical expiration of the applicable limitations period. . . .

Conversely, the application of the federal rule would detract little from state interests. State statutes of limitation are intended to protect against the necessity of defending lawsuits based on stale disputes by requiring notice of the claim within a prescribed period. Since an amendment will not relate back under Rule 15(c) unless the original pleading has given fair notice to the adverse party of the conduct, transaction, or occurrence called into question by the new pleading, the objectives of the state limitation provision are protected even though the federal rule on relation back, which would mean a federal standard of notice, is applied. Moreover, the need to have a pleading amendment relate back is rarely perceived before the action is instituted so that a more liberal federal rule on the subject is unlikely to affect plaintiff's

choice of forum. Consequently, one of the basic policies of the *Erie-Guaranty* doctrine—discouraging forum shopping—would not be violated by resort to Rule 15(c).

■ On the basis of the foregoing, the court finds that Rule 15(c) and not the relevant C.P.L.R. sections is applicable to this issue.[3] Turning to the provisions of Rule 15(c) of the Federal Rules of Civil Procedure, an amended pleading may relate back to the date of the original pleading and a party added if, within the limitation period,

> the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ultimately, the question to be determined by the court is whether the defendants knew of the pendency of the action and had an opportunity to defend in the action.

■ With respect to the corporate defendant, the question must be answered in the affirmative. Defendant Freer is the president of Freer Fruit Farms, Inc., and is a member of its Board of Directors. Plaintiffs have alleged that they were unaware of the existence of a corporation. Plaintiffs' employment contracts were made with Frank Freer and were terminated by him. Defendant Freer, as shown above, was timely served and vigorously defended his action from the time of its commencement. In view of the interrelationship between defendant Freer and the corporation, it cannot be said that the corporation would be unduly prejudiced if required to defend against the claims asserted. *See Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543 (D.Nev.1981); *Horwitt v. Longines Wittnauer Watch Co., Inc.*, 388 F.Supp. 1257 (S.D.N.Y.1975).

This issue is not as clear with respect to the individual defendants. While the Advisory Committee notes to Rule 15(c) state that the notice to defendant need not be formal, the notice must be sufficient to give defendant actual or constructive knowledge of the claim against him or her and must be sufficient to encourage the defendant to begin to prepare a defense. Plaintiffs contend that the four individual police officers

---

**3.** Although it is the court's decision that the issue of relation back is governed by the Federal Rules of Civil Procedure, application of the relevant provisions of the C.P.L.R. would likely produce the same result.

Under C.P.L.R. § 305(a), a party may petition the court to amend the summons to include an additional party. When the statute of limitations has expired as against the party the plaintiffs seek to add, the plaintiffs must persuade the court that the new party will not be prejudiced in any way by the amendment and that the original defendant named in the summons was a person who was authorized by law to be served on behalf of the intended defendants. *See Luce v. Pierce Muffler Shops*, 51 Misc.2d 256, 272 N.Y.S.2d 845 (S.Ct. Onondaga Cty. 1966), *aff'd* 28 A.D.2d 826, 282 N.Y.S.2d 724 (4th Dept. 1967). Plaintiffs' situation with respect to defendant Freer Fruit Farms, Inc., would appear to fit the requisites for application of section 305(a).

The second provision of the C.P.L.R. which is applicable to this case is C.P.L.R. § 1024. Pursuant to section 1024, a fictitious or incomplete name may be used to designate an unknown defendant. The statute further provides that when the parties' identity is discovered, the

pleadings may be amended *nunc pro tunc* to reflect the correct names of the parties. This section is designed for use in precisely this type of situation; namely, where the plaintiff has a viable cause of action and cannot determine the defendant's identity despite reasonably diligent effort. *See Orchard Park Central Schools v. Orchard Park Teachers*, 50 App.Div.2d 462, 378 N.Y.S.2d 511 (4th Dept. 1976); *Teachers College v. Wolterding*, 77 Misc.2d 81, 351 N.Y.S.2d 587 (S.Ct., App. Term, 1st Dept. 1974).

A crucial element for use of section 1024 is that "the defendant be named or described in such a form as will probably identify the defendant and give notice of opportunity to defend." *See City of Mount Vernon v. Best Development Co.*, 268 N.Y. 327, 197 N.E. 299 (1935), *reargument denied* 268 N.Y. 708, 198 N.E. 569 (1935). Thus, it appears to the court that the standard for use of the New York "unknown parties" provision is the same as the standard for inclusion of additional parties which has evolved under the relation back doctrine of Rule 15(c). Through the application in section 1024, the individual defendants would be included as parties under New York State law as well as under the provisions of Rule 15(c).

received the requisite notice within the limitations period because they were listed in the original complaint as "Five Troopers who participated in the acts which are the subject of this action but whose names are unknown, Individually and in their Capacities as Officers of the New York State Police," and because they are employed within the same department as is the named police officer, defendant Krasucki. Most importantly, plaintiffs contend that the additional police officer defendants are represented by the same attorney, the New York Stae Attorney General, as is the original individual defendant.

■ On the basis of this last factor, the court finds that the individual defendants have received the notice required by Rule 15(c) and would not be unjustly prejudiced in being added as parties to this action. Courts have held that the notice required by Rule 15(c) "can be imputed to a new defendant through his attorney who also represented the party or parties originally sued." *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980); *see also Kaplan Co. v. Industrial Risk Insurers*, 86 F.R.D. 484, 491 (E.D.Pa.1980); *Taliferro v. Costello*, 467 F.Supp. 33, 35 (E.D.Pa.1979); *Ames v. Vavreck*, 356 F.Supp. 931, 942 (D.Minn.1973). In the case of *Ames v. Vavreck, supra*, a civil rights case, plaintiff listed certain members of the Minneapolis Police Department as John Doe defendants. The individual officers' names were not discerned until after the statute of limitations had run, and plaintiff sought to add the individual police officers as defendants after the statute had expired. In granting the motion, the court noted that prior to the running of the statute, the defendants' attorney had actual notice of the intention to substitute the names of the individual members in place of the John Doe appellation in the complaint. The court stated:

> Especially significant is the fact that the attorney for the original defendants is an Assistant City Attorney for the City of Minneapolis who has represented *all* the defendants from the institution of the action until the present time.... *Thus there existed a situation where a city attorney represented the original defend-*

*ants on the police force and where the original complaint contained a clearly expressed intent to add individual police officers as defendants as soon as they could be identified.* Under those circumstances it is inconceivable that the additional defendants have been prejudiced in their defense or that they had no reason to believe that suit might be brought against them.

*Id.* at 942 (emphasis added).

Because the court finds that these individuals have received adequate notice pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, the claims against the individual defendants will relate back to the time of the original complaint and thus are not time-barred. The foregoing analysis is applicable also to the remaining claims under the RPAPL. Since the claims are timely under both, we need not decide whether C.P.L.R. §§ 214 or 215 is the appropriate statute.

Accordingly, the plaintiffs' motion to strike the statute of limitations defense is granted, and defendants' cross motion for summary judgment is hereby denied.

So ordered.