OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed, with $30 costs, and petition dismissed.
This controversy was submitted to the court below on an agreed statement of facts. In brief, the issue is whether a son, living with his parents in their co-operative apartment at the time they moved to Florida, remains a member of the “immediate family” when he marries and brings his wife to live with him in said apartment.
It is agreed that the stock certificate prohibits the transfer of shares without the written consent of the co-operative; that the by-laws provide that the common stock is issued for the owners thereof and “their immediate families” and that the occupancy agreement provides that “The Member shall occupy the dwelling unit covered by this agreement as a private dwelling for himself and his immediate family, and for no other purpose”. It appears from the *542 submission that the parents have not attempted to transfer, sell or otherwise dispose of their stock to their son, nor have they tried to assign or sublet the apartment to him.
George and Carolyn Hroch have occupied the apartment in question since June of 1961. In May of 1975, their son Russell moved out when he got married and after that marriage was annulled, he moved back into the apartment in January of 1980. His parents and his sister moved to Florida in July of 1980 and Russell lived in the apartment by himself until September of 1981, when he married his wife, Donna. Petitioner formally objected to Russell and his wife living in the apartment by letter dated February 3, 1982 and a notice of termination, dated April 2, 1982 was sent to the parents. The grounds for the termination were that the parents “permitted persons not members of your immediate family to occupy your apartment and that you have assigned or sublet your apartment without the written consent of the corporation.”
Cases which have held a son or daughter not to be members of the “immediate family” of the parents are those where the child was living in another residence, separate and apart from the parents, at the time of the purported transfer (see McCorkle Coop. Apts. v Gross, 54 AD2d 753, 754, affd 43 NY2d 765; Fillmore Gardens Coop, v Goldstein, NYLJ, Nov. 2, 1973, p 17, col 8; Murray Hill Coop. Apts. v Steinholz, NYLJ, Dec. 2, 1970, p 21, col 3). However, where the child was living with the parents at the time the parents moved out, courts have held the child to be part of the “immediate family” or part of the “family unit” even though the child was married and the son or daughter-in-law was living in the apartment (Matter of Grant-Morris Mgt. Corp. v Weaver, 6 AD2d 687; see, also, Hartman v Sykes, 66 Misc 2d 764, 765-766; Matter of Clarke v Morris, 46 Misc 2d 476; see, also, Matter of Herzog v Joy, 74 AD2d 372, affd 53 NY2d 821).
In the case at bar, Russell was clearly a member of the “immediate family” when living with his parents from January of 1980 until they moved in July of 1980. He continued to be a member of the immediate family while living alone in the apartment prior to his marriage. This court is of the opinion that his status did not change merely *543 by his marriage and that while living in his parents’ apartment, both he and his wife continued to be members of the “immediate family”. Consequently, the petition should have been dismissed since there was no violation of the terms of the occupancy agreement, by-laws, or stock certificate.
Pino, P. J., Jones and Kunzeman, JJ., concur.