■ KNOLLS COOPERATIVE SECTION No. 2, INC., Appellant, v SUSAN COHEN et al., Respondents. (And a Third-Party Action.) [715 NYS2d 45] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about January 7, 2000, which, to the extent appealed from, denied the cross motion of plaintiff-appellant Knolls Cooperative Section No. 2, Inc. for summary judgment, unanimously affirmed, without costs.

Plaintiff cooperative housing corporation seeks, *inter alia,* a declaration that defendants, two daughters of the deceased occupant of the apartment at issue, are not entitled to elect to purchase the apartment because they did not use it as their primary residence, and, thus, are not "immediate family" within the meaning of the amended cooperative by-laws. While "immediate family" has been strictly construed in leases executed in cooperatives with Federally subsidized mortgages (*see, e.g., McCorkle Coop. Apts. v Gross,* 54 AD2d 753, *affd* 43 NY2d 765), plaintiff's Federally subsidized mortgage had been satisfied and its original by-laws permitted transfer by a shareholder to issue, without any restriction that the issue primarily reside in the apartment. Moreover, although the original occupancy agreement executed by defendants' father permitted transfer

only to "immediate family," the 1975 occupancy agreement executed by their mother did not contain a similar restriction. We thus find that there are, at a minimum, questions of fact as to whether all the agreements together evince an intention to restrict transfer in the manner suggested by the cooperative. In particular, we reject plaintiff cooperative's argument that defendant sisters forfeited any option they may have had to acquire the subject apartment since they failed to exercise such option within 60 days in light of, *inter alia*, the time defendants reasonably required to obtain appointment as co-executrices and the circumstance that the subsequent 1975 occupancy agreement for the apartment contains no such time restriction upon transfer of the apartment to shareholder issue.

Finally, the record is also insufficient to conclude that the purchase price, as calculated by the cooperative, is the appropriate prescribed price as required under the by-laws. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.